UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

**EASTERLY CONSTRUCTION COMPANY, INC.**     CASE NO. **08-11756**

DEBTOR     CHAPTER 7

**EASTERLY CONSTRUCTION COMPANY, INC.**     ADV. NO.

PLAINTIFF     **09-1002**

V.

**VANTAGE CONSTRUCTION, LLC,
SAUN SULLIVAN, H. ALLEN THOMASON,
JEFF PURPERA, JR. AND JHA ENTERPRISES,
D/B/A HENDERSON AUCTIONS**

DEFENDANTS

### MEMORANDUM OPINION

Debtor Easterly Construction Company, Inc. sued the defendants for wrongfully seizing and selling its assets. The debtor's first amended and supplemental complaint also alleges that defendant Jeff Purpera, Jr., its accountant, breached fiduciary duties. Purpera moves to dismiss the amended complaint under Fed. R. Bankr. P. 7012(b)(1) (lack of jurisdiction) and (6) (failure to state a claim upon which relief can be granted).

**Allegations of the Amended Complaint**

The amended complaint alleges that defendant Vantage Construction Company, LLC ("Vantage") sold the debtor machinery and equipment between March 2006 and

October 2007.[1] Easterly alleges that Vantage orally agreed to accept cash and the debtor's services on Vantage's construction jobs as payment for the property.[2]

Provident Holdings, LLC ("Provident") allegedly was the member and manager of Vantage.[3] The amended complaint alleges that Saun Sullivan, H. Allen Thomason and Purpera controlled Vantage through their interests in Provident and stood to gain through Vantage's activities.[4] Purpera allegedly served as the certified public accountant for both Vantage and the debtor, "providing advice and counseling to Easterly; preparing financial statements, preparing federal, state and local tax returns; and designating the treatment of the Property as assets owned by Easterly on Easterly's tax returns and in Easterly's books."[5]

The gist of the plaintiff's claim is that Sullivan, Thomason and Purpera during July and August 2008 allegedly joined in planning the seizure and sale of the plaintiff's property by defendant Henderson Auctions.[6] The debtor seeks damages from all the individual defendants for tortious conversion, wrongful seizure and tortious interference with contract.[7] It also has sued Purpera for breach of fiduciary duty.[8] Specifically, Count

---

[1] First Amended and Supplemental Complaint, ¶¶14 and 15 (P-32).

[2] First Amended and Supplemental Complaint, ¶¶16 and 17. Between October 2006 and October 2007, Easterly claims that it returned some machinery and equipment to Vantage and in exchange received a credit on the original March 2006 sales price. First Amended and Supplemental Complaint, ¶19.

[3] First Amended and Supplemental Complaint, ¶21. Documents attached to the debtor's opposition to Purpera's motion to dismiss indicates that Provident was Vantage's *sole* member. Exhibits A-1 through A-6, P-69.

[4] First Amended and Supplemental Complaint, ¶22.

[5] First Amended and Supplemental Complaint, ¶23.

[6] First Amended and Supplemental Complaint, ¶¶24 through 33.

[7] First Amended and Supplemental Complaint, ¶¶38 through 45.

[8] First Amended and Supplemental Complaint, Count 6, ¶¶53 through 56.

6 of the amended complaint, incorporating paragraphs 14 through 33 of the factual allegations, contends that Purpera breached his fiduciary duties by "acting in concert with Sullivan and Thomason to cause the wrongful seizure and unlawful sale of Easterly's Property, *advising* Easterly … to accept the wrongful seizure and unlawful sale; and *advising* Easterly not to seek legal remedies."[9] (Emphasis added).

## Grounds Urged for Dismissal

Purpera moves to dismiss the plaintiff's claims against him under Fed. R. Bankr. P. 7012(b)(1) and (6). He is a Louisiana certified public accountant, and argues that Easterly's lawsuit is premature and must be dismissed for lack of subject matter jurisdiction because the plaintiff did not present its claims to an accounting review panel before suing him.[10] Purpera argues that because all claims against him set forth in the amended complaint are interrelated the court should dismiss the complaint against him in its entirety even though the breach of fiduciary duty claim is set forth as a separate count.[11]

Under Rule 12(b)(1), a claim "is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In contrast, Rule 12(b)(6) does not mandate dismissal "'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985),

---

[9] First Amended and Supplemental Complaint, Count 6, ¶55.

[10] *See* La. R.S. 37:101 *et seq*.

[11] *See* footnote 8.

3

quoting *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must accept well-pled factual allegations as true and resolve disputes over facts in the plaintiff's favor in ruling on a motion to dismiss for failure to state a claim. *O'Quinn*, 773 F.2d at 608.

## Analysis

The Louisiana Legislature enacted a process in 1997 for review of claims against certified public accountants and firms before they can be sued. *See* La. R.S. 37:101 *et seq*. The linchpin of the process is La. R.S. 37:105, which bars all claims against certified public accountants until a public accountant review panel has reviewed the claims and issued its opinion. Section 101(1) of title 37 defines *claim* as

> any cause of action against a certified public accountant or firm, regardless of the legal basis of the claim … *arising out of any engagement to provide professional services*, including but not limited to the following:
>
> (a) The providing of attest services as defined in R.S. 37:73(1)(a).
>
> (b) The providing of business or financial advice.
>
> (c) Advice relative to plans or actions to qualify for tax benefits or otherwise reduce the amounts of tax owed.
>
> (d) Advice relative to the structuring of pension or retirement or insurance plans or other employee benefits.
>
> (e) The provision, including design, of computer software for accounting or bookkeeping functions.
>
> (f) Any other advice relative to the conduct of any business whether conducted for profit or not.

(Emphasis added.) A *claimant* is "any person having an interest or right to assert a claim whether for himself or on behalf of another." La. R.S. 37:101(2).

*Motion to Dismiss under Rule 12(b)(1)*

Purpera's argument that the debtor's failure to comply with La. R.S. 37:105 before filing suit deprived the court of *jurisdiction* misses the mark. Lack of prior review by the accounting panel, assuming the statute applied to the plaintiff's claim, does not deprive the court of jurisdiction. Rather the debtor's filing suit before requesting a review panel under R.S. 37:102 simply *may* mean that the complaint against Purpera *fails to state a claim*. Accordingly, Purpera's motion to dismiss under Rule 7012(b)(1) fails.[12]

*Motion to Dismiss under Rule 12(b)(6)*

The public accountant review panel procedure established by R.S. 37:101 *et seq.* parallels the medical review panel procedure found in La. R.S. 40:1299.47.[13] *See Bardwell v. Faust*, 962 So.2d 13, 16 (La. App. 1st Cir. 2007). The *Bardwell* court analyzed the nearly identical language of sections of the statutes establishing the accountant review and the medical review panel procedures, respectively La. R.S. 37:108 and La. R.S. 40:1299.47(B)(2).[14] It concluded that jurisprudence interpreting the medical

---

[12] The procedural mechanism for raising a violation of the panel review requirement of R.S. 37:105 in Louisiana state courts is the dilatory exception of prematurity. *Solow v. Heard, McElroy & Vestal, LLP*, 937 So.2d 875, 878 (La. App. 4th Cir. 2006); La. Code Civ. P. art. 926(B). The analogous mechanism in a federal court is a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b)(6).

[13] Under La. R.S. 40:1299.47 (A)(1)(a) "[a]ll malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section." Section R.S. 40:1299(B)((1)(a)(i) provides that "[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section."

[14] Louisiana R.S. 37:108: "[a] certified public accountant or firm, against whom a claim has been filed under the provisions of this Part, may raise any exception or defense available, pursuant to R.S. 9:5604, in a court of competent jurisdiction and proper venue at any time without the need for completion of the review process by the public accountant review panel." La. R.S. 40:1299.47(B)(2): "A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel."

5

review process was relevant in interpreting the accountant panel review process. It based its holding in part on the similarity of the purposes of the two types of review panel procedures -- to have a panel of experts render an opinion on the merits of a complaint.[15] *Id*. at 19, citing La. Civ. Code art. 13 ("Laws on the same subject matter must be interpreted in reference to each other").

Section 101(1) of title 37 broadly defines a claim against a certified public accountant that is subject to the accountant review panel process to include causes of action for fraud (and presumably therefore other intentional acts), as long as the claim *arises out of an engagement to provide professional services*. If the claim allegedly arises out of that engagement, the claimant must present it to a review panel before filing suit. Therefore, La. R.S. 37:105 required Easterly to initiate the review panel process for any of its claims against Purpera that arose out of its hiring of him as its accountant. Purpera argues this encompasses all claims the debtor made against him in the amended complaint.

Paragraph 23 of the amended complaint alleges that Purpera served as Easterly's accountant at times relevant to its claims against him. Count 6 of the amended complaint sets forth plaintiff's claim that Purpera breached his fiduciary duty as the debtor's accountant. Because no fiduciary relationship was alleged absent the accountant-client relationship,[16] Easterly's claim for breach of the fiduciary duty necessarily arises out of the debtor's engagement of Purpera to provide professional accounting services.

---

[15] *See Ginn v. Women's Hospital Foundation, Inc.*, 770 So.2d 428, 431 (La. App. 1st Cir. 2000).

[16] This assumes the existence of such a relationship without finding that a certified public accountant has a fiduciary relationship to its client under applicable law.

This does not conclude the analysis, however. Paragraph 55 of Count 6 also incorporates *all* of the factual allegations of paragraphs 14 through 33 of the amended complaint, alleging in summary that Purpera breached his duty to the debtor by "acting in concert" with other individual co-defendants to "cause the wrongful seizure and unlawful sale" of the debtor's property, "advising Easterly … to accept the wrongful seizure and unlawful sale" and also "advising Easterly not to seek legal remedies."

The factual allegations of the amended complaint must be accepted as true for purposes of this motion. Count 6 alleges that Purpera breached his fiduciary duty not only by participating with Sullivan and Thomason in the allegedly wrongful seizure and sale, but also by counseling Easterly to accept the seizure and sale without redress. Purpera's role as an accountant and financial advisor thus is a component of the alleged wrongdoing. Accordingly, all the claims of the amended complaint against Purpera necessarily arose out of the debtor's engagement of him as its certified public accountant. Accordingly, La. R.S. 37:105 required Easterly to take its claims to an accountant review panel for review before suing Purpera.

**Conclusion**

Purpera's motion to dismiss for lack of jurisdiction under Rule 12(b)(1) is denied. His motion to dismiss for failure to state a claim under Rule 12(b)(6) is granted and the claims of the first amended and supplemental complaint against him are dismissed.

Baton Rouge, Louisiana, July 24, 2009.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE